```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NATOSHA DUNSTON,

                        Plaintiff,                             REPORT AND
                                                               RECOMMENDATION
                                                               21-CV-6402-AMD-SJB
        - against -


PIOTR AND LUCYNA LLC and OASIS
IN WILLIAMSBURG II CORP.,

                        Defendants.
-----------------------------------------------------------x
```

**BULSARA, United States Magistrate Judge:**

In this Americans with Disabilities Act ("ADA") action, Plaintiff Natosha Dunston alleges that a restaurant located in a building owned by Piotr and Lucyna LLC ("Piotr and Lucyna"), and leased and operated by Oasis in Williamsburg II Corp. ("Oasis" or the "Subject Property"), violated the ADA by restricting her access to its goods and services. (*See* Compl. dated Nov. 18, 2021 ("Compl."), Dkt. No. 1).

Defendants failed to answer, appear, or otherwise respond to the Complaint. On March 1, 2022, the Clerk of Court entered a default against both Defendants. (Clerk's Entries of Default, Dkt. Nos. 11–12). Dunston filed the present motion for default judgment against Defendants on September 8, 2022. (Third Mot. for Default J. dated Sept. 8, 2022 ("Third Mot."), Dkt. No. 18).

Beyond vague assertions that she visited the Subject Property on an unknown date and that she intends to visit the location in the future, Dunston provides no details about such visits. Such conclusory allegations are insufficient to establish she suffered an "injury in fact," a necessary precondition to standing; and without standing, this Court lacks subject matter jurisdiction and cannot enter default judgment. Therefore,

for the reasons stated below, it is respectfully recommended that the motion for default judgment be denied, and the Complaint be dismissed without prejudice.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Dunston, a resident of Brooklyn, New York, experienced an adverse reaction to medications administered during a surgical procedure in September 2015. (Compl. ¶ 2). Due to the excessive blood clotting in her legs, her left leg was amputated. (*Id.*). Dunston alleges she is therefore a qualified individual with disabilities under the ADA. (*Id.*).

On an unspecified date, Dunston visited the Subject Property located at 168 Bedford Avenue, Brooklyn, New York 11249, and was denied access due to physical barriers. (*Id.* ¶¶ 2–3). Her Complaint contains a list of the unlawful barriers and dangerous conditions that preclude such access—for example, the absence of a ramp for the front exterior steps, a failure to provide the required minimum maneuvering clearance at the entrance door, and missing grab bars and inaccessible hand soap and paper towel dispensers in the restrooms. (*Id.* ¶ 12).

As a result of these barriers, Dunston alleges that she has been denied "full and equal enjoyment of the goods and services" offered there. (*Id.* ¶¶ 2, 10–12). She asserts that, because she "intends to visit the [Subject Property] again in the near future in order to utilize all of the goods and services," she will continue to suffer "legal harm and injury" until the "illegal barriers" have been removed. (Compl. ¶¶ 6, 10). Accordingly, she claims that Piotr and Lucyna and Oasis—the owner and lessee of the Subject Property, respectively—are unlawfully discriminating against her in violation of the ADA. (*Id.* ¶¶ 3–4, 11–12).

2

Dunston filed this action on November 18, 2021. The summons and Complaint were served on both Defendants on November 30, 2021 via the Office of the Secretary of State of New York. (Affs. of Service, Dkt. Nos. 7–8). Despite this service, Defendants failed to appear, answer, or otherwise respond. Dunston sought certificates of default against both of them on February 25, 2022, (Reqs. for Certificate of Default, Dkt. Nos. 9–10), and the Clerk of Court granted the requests on March 1, 2022. (Clerk's Entries of Default, Dkt. Nos. 11–12).

On April 28, 2022, Dunston moved for default judgment. (First Mot. for Default J. dated Apr. 28, 2022 ("First Mot."), Dkt. No. 13). On August 8, 2022, she filed a motion to strike her first motion and sought leave to file an amended default judgment motion. (Mot. to Amend, Dkt. No. 14; Mot. to Strike, Dkt. No. 15). The Court granted both requests, and Dunston filed her second default judgment motion on August 11, 2022. (Second Mot. for Default J. dated Aug. 11, 2022 ("Second Mot."), Dkt. No. 16).

On August 25, 2022, the Court ordered Dunston to show cause why her second motion should not be denied for failure to comply with Local Civil Rule 55.2. (Order to Show Cause dated Aug. 25, 2022). The Court noted two deficiencies. *First*, it noted that the motion papers were mailed to Piotr and Lucyna at a different address than the Subject Property, namely to Sidney Hoffman, 98 2nd Ave. Ground Fl. New York, New York 10003 (the "Manhattan Address"). (*Id.*). As such, it was unclear whether the motion papers were mailed to Piotr and Lucyna's "last known business address" in accordance with Rule 55.2(c). *Second*, the Court noted that Dunston failed to include and serve a copy of the Complaint with her motion, despite the Rule's requirement that "all papers submitted to the Court—including a copy of the claim to which no response has been made"—must be served upon a defaulting defendant. (*Id.*).

3

Thereafter, Dunston moved to strike her second default judgment motion, which the Court granted, and filed a third motion. (Mot. to Strike dated Sept. 8, 2022, Dkt. No. 17; Order dated Feb. 3, 2023; Third Mot.). The Honorable Ann M. Donnelly referred the third motion to the undersigned for a report and recommendation. (Order Referring Mot. dated Oct. 5, 2022).

The third motion and supporting papers—this time including the Complaint and thereby curing the second deficiency noted by the Court—were served upon Defendant Oasis at the Subject Property. (Third Mot. at 13). But again, the documents were served upon Piotr and Lucyna at the Manhattan Address. (*Id.*). And no explanation for the inconsistency in addresses was provided in either the new motion or in response to the Court's April 12, 2023 order to show cause. In that order, the Court directed Dunston to explain why the Manhattan Address is Piotr and Lucyna's last known business address, and warned that "[f]ailure to respond to this Order will result in the denial of the motion for default judgment as to Piotr and Lucyna." (Order to Show Cause dated Apr. 12, 2023). In response, Dunston's counsel submitted a letter "assur[ing] the Court that proper service was completed unto Piotr and Lucyna LLC *and their* co-defendant Oasis in Williamsburg II [Corp.] at the physical address" of the Subject Property located at 168 Bedford Avenue. (Resp. to Order to Show Cause dated Apr. 25, 2023, Dkt. No. 19). Such assurances are insufficient, and besides the lack of injury, provide an independent basis for the motion's denial.

DISCUSSION

I. <u>Standards for Default Judgment</u>

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-

4

2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant. Fed. R. Civ. P. 55(b)(2). The Clerk entered defaults against both Defendants on March 1, 2022. (Clerk's Entries of Default, Dkt. Nos. 11–12).

The next question, before reaching liability or damages, is whether Defendants' conduct is sufficient to warrant entry of a default judgment. In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001). These factors are "1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

As to Defendant Oasis, its failure to respond to the Complaint demonstrates that its default was willful. *See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding the defendants' non-appearance and failure to respond "indicate willful conduct" in the context of a default judgment). Oasis had sufficient notice of the present litigation because it was properly served with a summons and Complaint, which were left with an authorized

5

agent in the Office of the Secretary of State of New York on November 30, 2021. (Aff. of Service, Dkt. No. 8). In addition, the motion for default judgment and supporting papers were served in accordance with Local Rule 55.2(c), by mail to the Subject Property—Oasis's last known business address. (Third Mot. at 13). Notwithstanding this notice and service, Oasis did not respond to the Complaint, did not appear, and has not in any way attempted to defend itself, thus constituting willfulness in the context of default judgment. *See, e.g.*, *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, at *6 (E.D.N.Y. Mar. 23, 2015) ("Defendant has not responded to Plaintiffs' motion for default judgment, has not appeared in this action, and has not communicated with the Court in any way. Accordingly, Defendant's failure to answer the Complaint and to respond to the instant motion is sufficient to establish willfulness.").

However, as to Defendant Piotr and Lucyna, Dunston failed to serve the motion for default judgment in accordance with Local Rule 55.2(c). The Rule requires that "all papers submitted to the Court . . . be mailed to the party against whom a default judgment is sought at . . . the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(c). As noted above, the motion papers were mailed to Piotr and Lucyna not at the Subject Property but at a different, apparently individual address in Manhattan. And after the Court directed Dunston to explain the inconsistency in mailing addresses, (Order to Show Cause dated Apr. 12, 2023), her counsel responded that she "assures" the Court that proper service was completed unto Piotr and Lucyna LLC at the Subject Property. (Resp. to Order to Show Cause dated Apr. 25, 2023, Dkt. No. 19).

6

But Local Rule 55.2 expressly requires that "proof of [mailing of all papers] . . . be filed with the Court." Loc. Civ. R. 55.2(c). And mere assurance by counsel, in a brief, that service was properly effectuated does not satisfy the Rule. *See Lopez v. Metro & Graham LLC*, No. 22-CV-332, 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022) ("Judges in the Eastern District of New York have interpreted Rule 55.2(c) to require proof of mailing by affidavit." (quotations omitted)) (collecting cases), *report and recommendation adopted*, 2023 WL 2140418, at *2 (Feb. 21, 2023). Here, Dunston does not offer an affidavit, declaration, or similar sworn averment that the motion and supporting papers were sent to the address required by Rule 55.2, rendering counsel's "assurance" of delivery inadequate. And that is a sufficient, independent basis to deny default judgment as to Piotr and Lucyna. *See, e.g.*, *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (denying default judgment motion against individuals in part for "fail[ure] to include . . . proof of mailing that this motion was served upon defaultees' last known mailing address").[1]

Dunston therefore fails to establish that the first *Enron Oil* factor weighs in favor of granting default judgment as to Piotr and Lucyna since if service of the motion was improper, its default could not have been willful. *J & J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382, 2020 WL 1034393, at *8 (E.D.N.Y. Feb. 6, 2020) ("Mr. Vergara's failure to respond to the [default judgment] motion would not be willful without

---

[1] In her response to the Court's April 12, 2023 order to show cause, Dunston's counsel seeks permission to re-file the affidavit of service or file yet another default judgment motion to cure "all perceived deficiencies." (Resp. to Order to Show Cause dated Apr. 25, 2023, Dkt. No. 19 at 2). The Court declines to grant the request because of the prior failures, and in any event, the motion fails on another ground, namely lack of subject matter jurisdiction.

7

evidence that . . . he received the motion papers at his last known residence."), *report and recommendation adopted*, 2020 WL 1031756, at *1 (Mar. 3, 2020).

Notwithstanding the proper service on Oasis, for the reasons explained below, this Court concludes there is a meritorious defense to Dunston's allegations because Dunston has failed to properly establish standing and the Court, therefore, lacks subject matter jurisdiction. *See Bos. Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, 221 F.R.D. 410, 414 (S.D.N.Y. 2004) ("As lack of subject matter jurisdiction would be a complete defense to the action, [defendant] has shown the existence of a meritorious defense in the very limited sense of that term employed on motions to vacate default judgments."); *Lawtone-Bowles v. Seneca Cnty. Corr. Div.*, No. 16-CV-227, 2021 WL 4034525, at *3 (W.D.N.Y. Sept. 3, 2021) (finding "meritorious defense" in ADA action because defendants' "assertion that [p]laintiff . . . lacks standing to assert any claim . . . would constitute a complete defense to [the] action"). As such, it would be improper to enter default judgment against either Defendant.

II.     Absence of Subject Matter Jurisdiction

"Article III limits federal judicial power to 'Cases' and 'Controversies,' and standing to sue 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 93 (2d Cir. 2019) (citation omitted) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "[S]tanding is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction." *Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816, 2022 WL 3701508, at *4 (S.D.N.Y. Aug. 26, 2022). Like all subject matter

issues, standing can be raised *sua sponte*. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

To establish standing, a plaintiff must have "suffered an injury in fact—a concrete and imminent harm to a legally protected interest, like property or money—that is fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." *Biden v. Nebraska*, 143 S. Ct. 2355, 2365 (2023) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). These elements are the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560. "At the default judgment stage, . . . the plaintiff 'bears the burden of alleging facts that affirmatively and plausibly suggest that the plaintiff has standing to sue,'" *Hennesssy by & through Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063, 2022 WL 4095557, at *2 (E.D.N.Y. Sept. 7, 2022) (quoting *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022)), notwithstanding any failure to appear.

In the ADA context, "injury in fact" exists where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to plaintiff's home, that plaintiff intended to return to the subject location." *Monge v. 405 Hotel LLC*, No. 19-CV-0451, 2021 WL 982866, at *5 (E.D.N.Y. Feb. 24, 2021) (alteration in original) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013)), *report and recommendation adopted*, 2021 WL 980870, at *2 (Mar. 15, 2021). Because plaintiff "must establish a 'material risk of future harm' that is 'sufficiently imminent and substantial,'" *Calcano*, 36 F.4th at 72 (quoting *TransUnion LLC v. Ramirez*, 141 S.

9

Ct. 2190, 2210 (2021)), "conclusory allegations of intent to return and proximity are not enough." *Id.*[2]

As an initial matter, Dunston fails to establish the first part of the "injury-in-fact" test for ADA standing, which requires the presence of a past injury. In her Complaint, Dunston alleges she "visited the Facility" and "intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so." (Compl. ¶¶ 2, 6, 9–10). No other allegations about her alleged visit or injury are provided. The Complaint merely concludes that Dunston suffered "legal harm and injury," (*id.* ¶ 6), but such legal conclusions are insufficient. *See Calcano*, 36 F.4th at 76 ("[E]ach Plaintiff pleads the identical assertion that he resides in close proximity to Defendants' businesses, has been a customer at Defendant's [location] on prior occasions, and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind. . . . But these assertions are nothing more than legal conclusion[s] couched as factual allegation[s]. Plaintiffs' threadbare assertions are conclusory and do not raise a reasonable inference of injury." (citations and quotations omitted)).

And so, while the Complaint alleges that Dunston visited the Subject Property, it does so only in an entirely conclusory fashion, parroting standard language of the legal test for past injury. 42 U.S.C. § 12182(b)(1)(A)(i). Without any detail, including when such visits took place, the Court cannot infer—and has serious doubts—Dunston in fact visited the Subject Property. Indeed, Dunston's allegations are bare and boilerplate in

---

[2] The Court infers from the violations listed in the Complaint—*e.g.*, "inaccessible self service beverage cooler" and "inaccessible dining tables," (Compl. ¶ 12)—that the Subject Property is likely a restaurant.

10

that she fails to include even the most basic information about the Subject Property—for example, the type of business operated there, or the types of goods and services offered for purchase. She only alleges that the Subject Property is a "public accommodation and service establishment," (Compl. ¶ 5), and while one can infer that it is likely a restaurant, that is not stated explicitly.

Having never visited the Subject Property, Dunston has not suffered any injury at all. *See, e.g., Feltzin v. Stone Equities, LLC*, No. 16-CV-6457, 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018) ("Plaintiff fails to allege *when* he visited the Property and subsequently suffered the injuries of which he complains. . . . These conclusory allegations lack any specificity, and without more, preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past."), *report and recommendation adopted*, 2018 WL 1114682, at *2 (Feb. 26, 2018); *Calcano*, 36 F.4th at 76–77 ("Nor do Plaintiffs' vague assertions that they have been customers at Defendants' businesses 'on prior occasions,' nudge their claims across the line from conceivable to plausible. [They] fail to provide *any* details about their past visits or the frequency of such visits. They do not specify which stores they visited or what items they purchased. And they do not say why they want to purchase braille gift cards . . . . Without such basic information, Plaintiffs cannot possibly show that they have suffered an injury that is concrete and particularized." (citations and quotations omitted)).

But even if there were past injury, Dunston is not "likely to be harmed again in the future in a similar way." *Calcano*, 36 F.4th at 74 (quoting *Nicosia v. Amazon.com,*

11

*Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)).[3] Nothing suggests Dunston has a demonstrable interest in visiting the Subject Property in the future. One could imagine that a plaintiff having visited many of the restaurants on the same street or in a particular neighborhood is likely to visit the remaining one owned by a defendant. *See Kreisler*, 731 F.3d at 188 (finding it reasonable to infer future visits when plaintiff frequented other diners in neighborhood, lived within a few blocks of defendant diner, and stated he would frequent the diner if he were able to access it). But here, Dunston does not allege a past or future plan to visit nearby restaurants. Indeed, aside from the general allegation she lives in Brooklyn, (Compl. ¶ 2), Dunston does not detail her proximity to the Subject Property—for example, whether it is several blocks or miles away from her home—or the frequency with which she passes by the Subject Property or the surrounding neighborhood. Nor can the Court infer that she lives in "close proximity" to the Subject Property—which is located in Brooklyn—merely from the allegation that she lives in Brooklyn. *E.g.*, *Gannon v. 31 Essex St. LLC*, No. 22-CV-1134, 2023 WL

---

[3] The ADA only provides injunctive relief as a remedy; damages are not available. 42 U.S.C. § 12188; *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) ("Title III [of the ADA] authorizes private actions only for injunctive relief, not monetary damages[.]"). As a result, past injury is insufficient, on its own, to confer standing for an ADA claim. For injunctive relief there must be an indication of "a continuing violation or the imminence of a future violation." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998); *see also TransUnion LLC*, 141 S. Ct. at 2210 (recognizing that a plaintiff must show the "risk of harm is sufficiently imminent and substantial"); *Kreisler*, 731 F.3d at 187 ("Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a real and immediate threat of repeated injury."). "The prospective-orientation of the analysis is critical: to maintain an action for injunctive relief, a plaintiff 'cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in the future.'" *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020) (alterations in original) (quoting *Deshawn E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia*, 834 F.3d at 239.

199287, at *4 (S.D.N.Y. Jan. 17, 2023) ("Gannon likewise does not provide sufficient evidence that he resides in close proximity to the property, merely asserting that he lives in the same county, i.e., the island of Manhattan. Simply put, Gannon's complaint fails to supply any details to support an inference that he intended to return to the property." (citations omitted)).

Without such details, it is impossible to infer plausibly that Dunston will return to the Subject Property and that there is an "imminent and substantial" risk of future injury. *TransUnion*, 141 S. Ct. at 2210; *e.g.*, *Calcano*, 36 F.4th at 76 ("Plaintiffs' assertions of proximity and prior visits are vague, lacking in support, and do not plausibly establish that Plaintiffs 'intended to return to the subject location.'" (quoting *Kreisler*, 731 F.3d at 188)); *Stone Equities*, 2018 WL 1115135, at *11 ("[A] lack of specificity with regard to past patronage, or an interest in patronage, weighs against an inference that Plaintiff plausibly possesses an intent to return to the Property in the imminent future but for the alleged violations.").

And without past injury or any likelihood of future injury, Duston lacks standing for her sole claim under the ADA and the Court, therefore, lacks subject matter jurisdiction. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) ("Such some day intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the actual or imminent injury that Article III requires." (quotations omitted)).

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that the motion for default judgment be denied, and that this action be dismissed without prejudice for lack of subject matter jurisdiction. *See, e.g.*, *Harty v. Koutsourades*, No. 20-CV-2779,

2021 WL 1299495, at *3 (S.D.N.Y. Apr. 7, 2021) ("[T]he Court denies Plaintiff's motion for default judgment because Plaintiff does not have standing to assert his ADA claims and thus subject matter jurisdiction is lacking."); *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 268 (S.D.N.Y. 2017) ("Because the Court lacks subject matter jurisdiction, the motion for default judgment should be denied and the case should be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice." (citations omitted)).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara*  July 26, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York