UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**NATOSHA DUNSTON**,                                            :
                                                                :
                Plaintiff,           :
                                                                :    **MEMORANDUM DECISION AND**
      – against –                                       :    **ORDER**
                                                                :
                                                                :    21-CV-6402 (AMD) (SJB)
**PIOTR AND LUCYNA LLC**, and **OASIS IN**                      :
**WILLIAMSBURG II CORP.**,                                      :
                                                                :
                Defendant.           :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On July 26, 2023, Magistrate Judge Sanket Bulsara issued a Report and Recommendation in which he recommended that the Court deny the plaintiff's motion for default judgment and dismiss her complaint for lack of subject-matter jurisdiction; the plaintiff objected on August 10, 2023. For the following reasons, I adopt the Report and Recommendation in its entirety, and grant the plaintiff leave to amend the complaint.

## BACKGROUND

On November 18, 2021, the plaintiff filed a complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. (ECF No. 1.) She claims that physical barriers prevented her from accessing the defendant's property at 168 Bedford Avenue, Brooklyn, New York 11249. According to the plaintiff, the property did not have a ramp on the front of the building, the doorway did not meet the minimum clearance for a wheelchair, and the bathroom was missing grab bars and accessible hand soap and paper towel dispensers. (*Id*. at ¶ 12.) As a result of these barriers, the plaintiff alleges that she has been denied "full and equal enjoyment of the goods and services"—which she does not describe—

offered there (*id*. at ¶¶ 2, 10–12), and that the defendants are unlawfully discriminating against her in violation of the ADA (*id*. at ¶¶ 3–4, 11–12).

The defendants did not answer, appear, or otherwise respond to the complaint. On March 1, 2022, the Clerk of Court entered a default against the defendants. (ECF Nos. 11, 12.) The plaintiff filed a motion for default judgment on April 28, 2022. (ECF No. 13.) She served defendant Oasis at the property location in Brooklyn; however, she served defendant Piotr and Lucyna LLC at an individual address in Manhattan. Shortly thereafter, she moved to strike her first motion and sought leave to amend, which Judge Bulsara granted. (ECF Nos. 14–16.) Again, the plaintiff served the motion papers on defendant Piotr and Lucyna LLC at an individual address; thus, it was unclear whether the plaintiff served the defendants at the "last known business address" as required by Local Civil Rule 55.2(c). Moreover, the plaintiff did not include a copy of the complaint, a separate requirement of Rule 55.2(c). On August 25, 2022, Judge Bulsara ordered the plaintiff to show cause why the second default judgment motion should not be denied for failure to comply with Rule 55.2. (*ECF order dated August 25, 2022*.)

The plaintiff then moved to strike her second motion, which Judge Bulsara granted, and filed a third motion for default judgment. (ECF No. 18.) On April 12, 2023, Judge Bulsara issued another order to show cause because the plaintiff had not cured or explained the inconsistent addresses. (*ECF order dated April 12, 2023*.) On April 25, 2023, the plaintiff filed a letter "assur[ing] the Court that proper service was completed . . . ." (ECF No. 19.)

In a comprehensive Report and Recommendation issued shortly thereafter, Judge Bulsara denied the motion for default judgment. (ECF No. 20.) Judge Bulsara found that while the plaintiff served defendant Oasis properly, the plaintiff did not satisfy Rule 55.2 with respect to defendant Piotr and Lucyna LLC. Rule 55.2(c) requires all papers be sent to the "last known

2

business address of such party (if a person other than an individual)" and that "proof of [mailing of all papers] . . . be filed with the Court."  The plaintiff did not send the motion papers to Piotr and Lucyna LLC at the "last known business address;" rather, she mailed the papers to an individual address in Manhattan.  The plaintiff did not explain or defend that action, except to "assure "Judge Bulsara that she had served the motion properly.  Judge Bulsara rejected that explanation as insufficient "proof" under the rule.  (ECF No. 20 at 7 ("Here, [the plaintiff] does not offer an affidavit, declaration, or similar sworn averment that the motion and supporting papers were sent to the address required by Rule 55.2, rendering counsel's 'assurance' of delivery inadequate."))  Accordingly, the plaintiff "fail[ed] to establish that the first *Enron Oil*[1] factor weighs in favor of granting default judgment as to Piotr and Lucyna since if service of the motion was improper, its default could not have been willful." (*Id*.)

     Judge Bulsara also found that the plaintiff did not have standing to bring an ADA claim because she did not establish "injury in fact."  The plaintiff alleged only that she "visited the Facility" and "intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so."  (ECF No. 1 at ¶¶ 6, 10.)  Judge Bulsara held that this was legally insufficient.  Because the plaintiff did not provide any detail, including when she visited the defendant's business, Judge Bulsara could not infer past injury.  (*Id*. at 10.)  Even if the plaintiff had established past injury, Judge Bulsara found that she did not show that she was "likely to be harmed again in the future in a similar way."  (*Id*. at 11.)  She did not describe the establishment in any way or what services it offered, nor did she say how far it was from her home, or why—or with what frequency—she wanted to return to the location.

---

[1] *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Under these circumstances, there is no "imminent and substantial" risk of future injury, which is required to satisfy the constitutional elements of standing. (*Id*. at 13.)

In her objections to Judge Bulsara's Report and Recommendation, the plaintiff argues that "a change in the law" established a heightened pleading standard that was not in effect when she filed her complaint. (ECF No. 21 at 1) (discussing *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72 (2d Cir. 2022)). Accordingly, the plaintiff seeks leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure. (*Id*. at 4–6.)

## LEGAL STANDARD

Under Rule 72(a), a district judge reviewing a magistrate judge's order on a non-dispositive motion must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13-CV-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [his] discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (citations omitted). To accept a report and recommendation to which no timely objection

4

has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

## DISCUSSION

The plaintiff does not object to the portion of the Report and Recommendation recommending denial of the motion for default judgment. Thus, I review Judge Bulsara's Report and Recommendation for "clear error."

The plaintiff still has not cured the deficiency that Judge Bulsara identified in his first order to show cause. As explained in the Report and Recommendation, Local Civil Rule 55.2 requires that the plaintiff serve a corporate defendant at its "last place of business" and file "proof" of service. The plaintiff did neither, nor did she justify her decision to serve the defendant at an individual address. As Judge Bulsara observed, counsel's assurances to the contrary do not satisfy Rule 55. *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015).

Judge Bulsara also found that that the plaintiff had not established standing. To do so, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). In the ADA context, "injury in fact" exists where: 1) "the plaintiff has alleged past injury under the ADA;" 2) "it was reasonable to infer that the discriminatory treatment would continue;" and 3) "it was reasonable to infer, based on the frequency of plaintiff's past visits and the proximity of [the defendant's business] to the plaintiff's home, that the plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).

5

The plaintiff has not established "injury in fact." She alleges only that she "has attempted to access the facility, but could not do so without severe hardship," that she "intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein," and that the defendants "have discriminated against [the plaintiff] and others with disabilities . . . ." (ECF No. 1 at ¶¶ 9–11.) As explained, these allegations are "entirely conclusory" and simply repeat the basic legal test. More is required to pass muster under Article III. *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) ("plaintiff's conclusory allegations . . . without more is unavailing" to establish "concrete injury").

In the complaint, the plaintiff provides no detail about when she visited the defendant's property, how often she visited, whether she lives close to the property, whether she visits that area often, or to what extent she plans to visit in the future. Indeed, she does not even describe what services the defendant offers. Without these details, the plaintiff has not established an "imminent and substantial" risk of injury. *See, e.g.*, *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (noting "we cannot yet infer intent to return" to establish standing); *Feltzin v. Stone Equities, LLC*, No. 16-CV-6457, 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018).

The plaintiff asserts that the Second Circuit "changed the law" in *Calcano*, requiring a new pleading standard to establish Article III standing in ADA cases. (*See e.g.*, ECF No. 21 at 3. ("[T]he Second Circuit decision in [*Calcano*], essentially altered the pleading standard in Violation of ADA [claims] . . . .")) She further states that "[o]nly after such a drastic shift in the stare decisis, did the Court through the Magistrate Bulsara's Report apply this new standard on July 26, 2023, nearly two years after the Complaint was filed, and approximately one year after the decision in *Calcano* as the controlling precedent." *Id*.

6

But *Calcano* did not mark a "a drastic shift in the stare decisis," nor did it create a new pleading standard. Rather, in affirming the dismissal of the plaintiffs' ADA claims for lack of standing, the Second Circuit cited established precedent—*Kreisler v. Second Ave. Diner Corp.*—which was decided eight years before the plaintiff filed her complaint. In *Kreisler*, the court held that one of the factors a court should consider in determining "risk of injury" was whether "it [is] reasonable to infer . . . that [a] plaintiff intended to return to the subject location." 731 F.3d at 188; *see also Gannon v. 31 Essex St. LLC*, No. 22-CV-1134, 2023 WL 199287, at *3 (S.D.N.Y. Jan. 17, 2023) ("The Second Circuit's opinions in *Kreisler* and *Calcano* are helpful in distinguishing between plausible and implausible assertions of an intent to return to a particular location to establish standing under the ADA."). The Second Circuit has cited *Kreisler* in multiple ADA opinions. *See, e.g.*, *Bernstein v. City of New York*, 621 F. App'x 56, 58 (2d Cir. 2015); *Pincus v. Nat'l R.R. Passenger Corp.*, 581 F. App'x 88, 89 (2d Cir. 2014); *Harty v. Greenwich Hosp. Grp.*, LLC, 536 F. App'x 154, 155 (2d Cir. 2013).

Indeed, plaintiffs in ADA cases have long been required to plead injury with a sufficient level of particularity to establish Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992) (defining "particularized" injury as "affect[ing] the plaintiff in a personal and individual way"); *TransUnion LLC*, 141 S. Ct. at 2203 (noting "federal courts do not adjudicate hypothetical or abstract disputes"); *Packer on behalf of 1-800 Flowers.com, Inc. v. Raging Cap. Mgmt., LLC*, No. 15-CV-05933, 2023 WL 2484442, at *4 (E.D.N.Y. Mar. 13, 2023) (discussing the requirements to show a "concrete" and "particularized" injury). The complaint does not satisfy this requirement, as Judge Bulsara correctly determined. Accordingly, I find that Judge Bulsara's thorough and well-reasoned opinion contains no clear error, and I adopt the Report and Recommendation in its entirety.

The plaintiff also asks to amend her complaint. As courts "should freely give leave" to amend a complaint "when justice so requires," the plaintiff's request for leave to amend is granted. *See* Fed R. Civ. P. 15(a)(2).

## CONCLUSION

For these reasons, the Report and Recommendation is affirmed. The plaintiff is granted leave to amend the complaint within 60 days.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
September 7, 2023